UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grady Timms Cox, ) | C/A No. 9:11-1520-RBH-BM |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Dr. Terry Davis, ) | |
| Defendant. ) | |

Grady Timms Cox ("Plaintiff"), proceeding *pro se*, brings this civil action seeking damages based upon alleged medical malpractice. When Plaintiff filed the Complaint, he was incarcerated at the Anderson County Detention Center. Plaintiff has since been transferred to the Kirkland Reception and Evaluation Institution, a facility of the South Carolina Department of Corrections (SCDC). *See* ECF No. 5. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of § 1915, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim



on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B).  This Court is also required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).

Even when considered under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that that Defendant Davis became his treating physician on or about January 9, 2009.  Davis is alleged to be a physician who worked at AnMed (AnMed Health) in Anderson, South Carolina.  Plaintiff alleges that in October of 2009, he noticed swelling in his feet and that his urine smelled foul.  Plaintiff alleges that he notified Defendant Davis about his problems, and that Davis "took blood from me and checked my urine every month and some times twice a month."  Davis also allegedly prescribed "fluid pills" to Plaintiff to treat the swelling, but that he continued to get worse with swelling in his feet, stomach, back, and scrotum, which caused him to call the "Rescue Squad" on or about July 20, 2010.  Plaintiff alleges that the rescue workers took him to Anderson Memorial Hospital where a team of doctors treated him.  Plaintiff alleges that he was "almost dead from a serious kidney infection," that he was treated with antibiotics, and that he



was permanently damaged by the swelling because now he has poor circulation and numbness in his toes. Plaintiff alleges that a hospital worker mentioned that Plaintiff may need an amputation.

Although Plaintiff does not allege the date when he became incarcerated, it appears that Plaintiff was placed in a jail (presumably the Anderson County Detention Center) on or about January 18, 2011, which is after Plaintiff's trip to the Anderson Memorial Hospital due to his kidney infection. *See* South Carolina Department of Corrections Home Page, http://www.doc.sc.gov/index.jsp (follow "research," then "SCDC Inmate Search," then "Search for Incarcerated Inmate," using the SCDC ID number 291229) (last visited July 12, 2011) (noting that his sentence start date was 01/18/2011).[1] Plaintiff alleges that he has tried to obtain his medical records from AnMed, but so far he has not received them, and seems to allege that AnMed is attempting to "cover up" Davis' misconduct by refusing to mail Plaintiff's records to him. Plaintiff alleges that Davis committed medical malpractice, and seeks damages.

On Plaintiff's cover letter to the Clerk of Court which is an attachment to the Complaint, Plaintiff states, "also I've been suffering from a kidney stone for about a month now. Medical at A.C.D.C. will not help me. The pain is unbearable."

## Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v.*

---

[1] The Court may take judicial notice of factual information located in postings on government websites. *See Williams v. Long*, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).



*City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "Further, [t]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[,]" although if the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399. However, if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.* Such is the case here.

Generally, a case can originally be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Here, Plaintiff alleges a medical malpractice claim against a doctor who worked at AnMed Health in Anderson, South Carolina, and who treated Plaintiff apparently before Plaintiff became incarcerated, which is a claim based in state law. *See David v. McLeod Reg'l Med. Ctr.*, 626 S.E.2d 1 (S.C. 2006). Such a state law claim would be cognizable in this Court under the diversity statute if that statute's requirements are satisfied. However, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). With the exception of certain class actions, complete



4

diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *See Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Plaintiff's domicile is South Carolina [ECF No. 1-1], and the only reasonable inference from the facts alleged is that the Defendant Davis is also domiciled in South Carolina. Accordingly, this Court has no diversity jurisdiction over this action because it appears that complete diversity of parties is absent.[2]

Finally, although Plaintiff mentions in his cover letter to the Clerk of Court that "Medical at A.C.D.C." did not help him with his kidney stone during one month when Plaintiff had been suffering from it, this statement is not part of Plaintiff's Complaint. Further, even if Plaintiff had intended that this statement be a claim being alleged in the Complaint, Dr. Davis is not a proper party Defendant for this claim. In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). Dr. Davis is a private physician who provided Plaintiff with medical care prior to his becoming incarcerated. As for "Medical at A.C.D.C." mentioned by Plaintiff in his cover letter, even if Plaintiff had named this entity as a party Defendant, "Medical at A.C.D.C." does not qualify as a "person." Moreover, while a prisoner may state a claim pursuant to 42 U.S.C. § 1983 for deliberate indifference to a serious medical need in violation of the United States Constitution, in this case Plaintiff did not allege sufficient factual matter "to cross the federal court's threshold."

---

[2] This finding does not leave Plaintiff without a judicial remedy. He may bring a medical malpractice suit against the Defendant in a South Carolina Court of Common Pleas.

5



*See Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (finding that a complaint must contain a plausible "short and plain" statement of the plaintiff's claim, but an exposition of his legal argument is not required). *See also Smith v. Smith*, 589 F.3d 736 (4th Cir. 2009) (noting that delayed medical care may constitute deliberate indifference). Thus, even if Plaintiff is attempting to raise an additional claim of deliberate indifference to his medical needs under § 1983, he has failed to state a claim on which relief may be granted.[3]

## Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) and *Haines v. Kerner*, 404 U.S. 519 (1972).

**Plaintiff's attention is directed to the important notice on the next page.**

_____
July 19, 2011                                  Bristow Marchant
Charleston, South Carolina              United States Magistrate Judge

---

[3] In the Order which accompanies this Report and Recommendation, this Court has directed the Clerk of Court to mail Plaintiff a blank "*Pro Se* Forms State Prisoner" complaint package so that Plaintiff may bring a lawsuit against some person at the Anderson County Detention Center, if that is what Plaintiff intended.

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

